IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK RYLAND DOWDY,** | ) | Civil Action No. 7:11-cv-00565 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DEBORAH LAWRENCE,** | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Mark Ryland Dowdy, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested under 28 U.S. C. § 1343. Plaintiff names as the sole defendant Deborah Lawrence, a court reporter responsible for transcribing the criminal proceedings for which plaintiff is incarcerated.[1]  For the following reasons, the court sua sponte dismisses the action without prejudice.

**I.**

Plaintiff alleges the following information in the Complaint.

> On April 29, 2009, [defendant] intentionally falsified a transcript of a hearing in Albemarle [County] Circuit Court. [Defendant] uses a computer based application called "FTR reporter" to record the audio of the proceedings in court. [Defendant] intentionally omitted evidence of Judge Cheryl V. Higgins defending the lies of the Albemarle Police in a press release proving the judge is sympathetic to police and her conflict of interest in being married to a police officer. [Defendant]'s refusal to provide an accurate record resulted in a violation of [plaintiff's] First Amendment right to speak freely in [his] own defense, [his] Fourth Amendment protection against false arrest and illegal search and seizure, [his] Fifth Amendment protection against double jeopardy, [his] Sixth Amendment right to a fair trial, speedy trial, and self-representation, [his] Fourteenth Amendment right to due process and protection against deprivation of [l]iberty, and [his] statutory right to appeal pursuant to [Virginia Code] § 19.2-317.

(Compl. 1-2.)

---

[1] Plaintiff identifies defendant as a court reporter for a private court reporting company but makes no allegation that defendant contracts with the Commonwealth of Virginia to provide court reporting services in criminal proceedings or has otherwise acted under the color of state law.

Plaintiff makes essentially the same allegations regarding several other court hearings related to his criminal convictions.[2]  Specifically, plaintiff alleges that on June 30, 2009, defendant "intentionally falsified" a transcript which omitted "evidence" of "judicial misconduct" by Louisa County Circuit Court Judge Cheryl Higgins and her recitation of an Order for a competency evaluation.  Plaintiff contends that the transcript of a hearing conducted on July 2, 2009, intentionally omitted certain "constitutional concerns" from plaintiff and purported "misconduct" by Louisa County Circuit Court Judge Timothy Sanner.  Further, plaintiff alleges that the transcript of the hearing on October 7, 2009, omitted both medical testimony regarding plaintiff's competency and "judicial misconduct" by Albemarle County Circuit Court Judge Cheryl Higgins.  The transcript from the hearing on January 27, 2010, intentionally omitted "judicial misconduct" by Albemarle County Circuit Court Judge Peatross and "prosecutorial misconduct" by Assistant Commonwealth Attorney Jon Zug.  Finally, plaintiff argues that the transcript from the February 4, 2010, hearing in Louisa County Circuit Court "intentionally" omitted "judicial misconduct" by Judge Timothy Sanner, certain "prosecutorial misconduct," and evidence of "malicious prosecution," consisting of "statements relating to and proving [the prosecutor's] case to be frivolous and malicious."

Plaintiff alleges that defendant did not provide plaintiff with a copy of the audio recordings and failed to correct the alleged "erroneous transcripts."  Plaintiff asserts that an appellate court would vacate his convictions if defendant produced the audio recordings that prove "misconduct" occurred.  Plaintiff concludes that he remains incarcerated "due to"

---

[2] Plaintiff also filed with the Complaint a CD that contains recordings of plaintiff and defendant's phone conversations.  The conversations reflect plaintiff and defendant's disagreements whether defendant accurately transcribed what actually occurred during the various proceedings in the Louisa County and Albemarle County Circuit Courts.  The recordings do not improve the Complaint or support plaintiff's accusations.

defendant's alleged acts and omissions and requests as relief a copy of the relevant audio recordings and $1 million for each day he has been incarcerated.[3]

## II.

Plaintiff is incarcerated under a criminal judgment entered by the Albemarle County Circuit Court on January 26, 2010, for using a hoax weapon to intimidate. Presently, plaintiff has a direct appeal pending and a petition for a writ of habeas corpus pending with the Virginia Supreme Court.[4]

> The United States Supreme Court held in Heck v. Humphrey that:
>
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486-87 (1994). Plaintiff alleges that misconduct by officials during his trial and pre-trial proceedings lead to his criminal convictions; that the audio recordings, but not the transcripts of the proceedings, captured this misconduct; and that defendant refuses to give plaintiff copies of the accurate audio recordings so that he may prove this misconduct and invalidate his criminal convictions. Thus far, plaintiff has not succeeded in having his criminal

---

[3] Plaintiff calculated damages to be $365 million as of the date he filed the Complaint.

[4] These proceedings are Dowdy v. Commonwealth, No. 120057, and Dowdy v. Superintendent, No. 120245.

convictions overturned.  Likewise, plaintiff has not pursued habeas corpus relief pursuant to 28 U.S.C. 2254.  It is clear from the face of the complaint that Heck bars plaintiff's claims.

To properly allege a 42 U.S.C. § 1983 action, plaintiff must describe "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff fails to allege any facts that defendant, a private court reporter, acted under of color of state law by allegedly falsely transcribing plaintiff's felony criminal proceedings.  Without plaintiff showing a basis to find defendant acted under color of state law, plaintiff fails to present any facts supporting a § 1983 claim that must be dismissed without prejudice for failure to state a claim.

Plaintiff's claims against a private court reporter do not fall comfortably within the parameters of 28 U.S.C. § 1915A, which allows the screening of prisoners' complaints against government entities and employees.  Nevertheless, in light of the Supreme Court's admonition in Heck and the complete failure to allege any facts supporting a § 1983 claim, plaintiff's claims against this private court reporter are subject to sua sponte dismissal.  See Higgins v. City of Tulsa, Okla., No. 03-5193, 2004 WL 1447971 (10th Cir. June 29, 2004); Horton v. West, No. 1:10cv 154, 2011 WL 124602 (E.D. Va. 2011); Church v. U.S. Government, No. 3:07cv129, 2008 WL 5704482 (E.D. Va. 2008).

### III.

For the foregoing reasons, the court dismisses the action without prejudice.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff and defendant.

Entered: April 11, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge